UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC HESTER                                              CIVIL ACTION NO. 06-1333

versus

INTERNATIONAL PAPER CO.                    MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

### Introduction

Eric Hester ("Plaintiff") was injured in an accident while he was working as a laborer for Kellogg, Brown & Root, Inc. ("KB&R"), which had contracted to perform maintenance work at a paper mill owned by International Paper Company. Plaintiff filed this personal injury action against International Paper, alleging that the accident was caused by the company's negligence.

Both parties filed written consent to have the undersigned magistrate judge decide the case, and the district judge referred the case to the undersigned pursuant to 28 U.S.C. § 636(c). International Paper later filed a Motion for Summary Judgment (Doc.14). It urges that Plaintiff's negligence action is barred because International Paper was Plaintiff's statutory employer and, thus, entitled to the exclusive remedy protections of Louisiana's workers' compensation laws. For the reasons that follow, the motion will be granted.

### The Statutory Employer Defense

Louisiana's workers' compensation statutes generally do not permit an employee to sue his employer or any principal in tort. If a principal (International Paper) undertakes any

work which is a part of his trade, business or occupation and contracts with a contractor (KB&R) for any part of the work, the principal, as a statutory employer, is granted the exclusive remedy protections of the law with respect to injury claims made by employees of the contractor. La. R.S. 23:1061(A)(1). For purposes of that statute, work is considered a part of the principal's trade, business or occupation "if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

A 1997 amendment to the statute provides that, subject to an inapplicable exception, a statutory employer relationship shall not exist between the principal and the contractor's employees "unless there is a written contract between the principal and a contractor ... which recognizes the principal as a statutory employer." § 1061(A)(3). "When a contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees ... ." Id.

There was a contract between International Paper and KB&R, at the relevant time, for KB&R to perform planned and emergency equipment maintenance and similar services at the Mansfield mill. Article 3 of the contract invokes the statutory provisions cited above and states that International Paper and KB&R agree that International Paper is deemed to be the statutory employer of KB&R's employees "performing the work or other services set out herein on [International Paper's] premises." This contractual provision gives rise to the

rebuttable presumption created by the statute.

The rebuttable presumption "may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." § 1061(A)(3). Deposition testimony from Plaintiff and the manager of the mill's wood yard show that Plaintiff was employed by KB&R as a laborer, and he was working the wood yard area at the time of the accident. The wood yard receives chips that are trucked into the mill. It also receives logs that are then converted, via the slasher deck and other equipment, to chips. The resulting bark is routed by conveyor belts to the power house, and the wood chips are provided to digesters and used to make paper.

Plaintiff and some coworkers were assigned the task of cleaning the yard conveyor tunnel. The conveyer carries slashed wood. Bark and debris build up in the tunnel, requiring periodic cleaning. Plaintiff testified that a part of the conveyor was broken, and the debris had to be cleaned so that maintenance workers could find the area that required repair. Plaintiff, who had worked for KB&R for only about a month, testified that his sole job while at the International Paper plant was cleaning out the conveyor area.

Plaintiff and his coworkers took a break each day at 9:00 a.m. As the men walked toward a break area one morning, Plaintiff was suddenly knocked out. He woke up in the hospital with serious injuries. He learned that he had been struck in the head by a chunk of wood that was somehow propelled or ejected from the slasher deck area.

Mike Craft, the manager of the mill, testifies in an affidavit that the mill manufactures containerboard products. For the mill to generate its product, Craft testifies, it is normal, necessary and essential that maintenance and repair work be performed on the equipment in the wood yard and other departments. He states that KB&R's maintenance of the conveyor tunnel was necessary for the yard conveyor to function properly, which is essential to the mill's ability to generate its products.

The summary judgment evidence, all presented by International Paper, adds further support to the rebuttable presumption created by the contract. Plaintiff has not filed any timely opposition to the motion, so he has not met his burden of overcoming that presumption. Furthermore, decisions rendered after the 1997 amendment have granted or affirmed summary judgment for the principal in similar cases when an employee of a contractor that was hired to perform maintenance work was injured. See Armand v. Marathon Oil Corp., 2007 WL 934452 (E.D. La. 2007) (employee of insulation contractor was injured when he was blown from an asphalt storage tank at a refinery); Alexander v. Broadmoor, L.L.C., 2006 WL 1995687 (E.D. La. 2006) (employee of sheet metal company tripped while unloading duct at a plant that fabricated offshore structures); and Duncan v. Dow Pipeline Company, ___ S.2d ___, 2007 WL 675980 (La. App. 3rd Cir. 2007) (employee of contractor hired to repair pipeline platforms was injured when a handrail broke as he repaired a platform).

**Conclusion**

International Paper has established that there is no genuine issue of material fact that it was Plaintiff's statutory employer at the time of the accident. Accordingly, the **Motion for Summary Judgment (Doc. 14)** is **granted**. That results in the resolution of all claims among the parties, so a final judgment will be issued.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 3rd day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE